```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
GETTY IMAGES (US), INC.,                 :     14cv7114 (DLC)
                                         :
                    Plaintiff,           :        OPINION
                                         :       AND ORDER
          -v-                            :
                                         :
MICROSOFT CORPORATION,                   :
                                         :
                    Defendant.           :
                                         :
---------------------------------------- X
```

Appearances:

For Plaintiff:

Kenneth L. Doroshaw
Amir H. Ali
Jenner & Block LLP
1099 New York Avenue, N.W., Suite 900
Washington, DC 20001-4412

Alison I. Stein
Jenner & Block LLP
919 Third Avenue, 37th Floor
New York, NY 10022

For Defendant:

David Hosp
Mark S. Puzella
Elizabeth E. Brenckman
Sheryl K. Garko
Fish & Richardson P.C.
One Marina Park Drive
Boston, MA 02110

DENISE COTE, District Judge:

This action concerns a copyright dispute between plaintiff Getty Images Inc. ("Getty") and defendant Microsoft Corporation

("Microsoft").  On August 21, 2014, Microsoft launched a "beta" or test version of the Bing Image Widget ("Widget").  The Widget enables web developers to link to Microsoft Bing Image Search results and display those results on their webpages.  Getty brought suit seeking a preliminary injunction enjoining Microsoft from offering, providing, or otherwise supporting the Widget or comparable technology, on the ground that the display of Getty's images through the Widget constituted copyright infringement in violation of federal law.  Oral argument on the motion was held on September 18, and the parties made their final submissions in connection with this motion on October 7.  For the reasons stated below, the motion is denied.

**Background**

The critical facts at issue here are not in dispute.  They are largely taken from the declarations and exhibits submitted by Getty and Microsoft in connection with this motion.  Getty provided declarations from Yoko Miyashito, Getty's Deputy General Counsel; Francis J. Aul, a Project Assistant at Jenner & Block LLP, counsel for Getty; Kenneth L. Doroshaw, an attorney at Jenner & Block; Michael Hamrah, Getty's Principal Engineer; Pierce Wright, Getty's Managing Editor for Editorial Content;

and Graham Morrison, the Head of Americas/Photos at Bloomberg News.  In opposition to this motion, Microsoft has provided declarations from Gautam Vaidya, Microsoft's Principal Development Lead; Philip Greenspun, an expert; and David Hosp, an attorney at Fish & Richardson P.C., counsel for Microsoft.

    Getty is one of the world's largest providers of commercial visual content and the leading provider of commercial images online.  It supplies imagery, video, and music to business customers for a wide variety of uses, including websites, books, newspapers, magazines, film and television production, advertisements, and product packaging.  Getty generates revenue primarily by licensing the rights to use its content.  Getty owns much of the content it licenses, and also acts as a distributor for other content suppliers.

    Microsoft is a multinational company that develops, produces, licenses, and sells a wide variety of products and services.  One of Microsoft's services is the Bing Internet Search Engine which permits users to search for content across the Internet.  Like other search engines, Bing uses automated tools to "crawl" the Internet for content.  Bing continuously analyzes webpages that it has "crawled" and selects content to be stored and indexed to respond to searches conducted by users

3

of the Bing Search Engine.  When the user enters a search term into the Bing search box, Bing's software searches its index for websites responsive to the query and provides the user with a list of results on a results page.  One of the search functions available through the Bing Internet Search Engine is Bing Image Search, which permits users to search specifically for images.  In creating the index for the Bing Image Search, Microsoft makes a copy of the indexed image by storing a reduced-size, lower-resolution file ("thumbnail") on Microsoft's servers in a Thumbnail Library.

On August 24, 2014, Microsoft launched a test version of the Widget.  The Widget is a tool that can be used by website developers to display Bing Image Search results on their own websites.  The Widget does not provide search functionality directly, but generates the Hypertext Markup Language ("HTML") code that allows the developer to import images located through the use of Bing Image Search onto the developer's webpage.  HTML is computer code used to tell an Internet browser how to display content on a website.

To use the Widget, a website developer goes to the Bing Image Widget website.  The developer then makes selections to customize the results.  The website developer will choose what

query to run, the number of images to be displayed, and how the results should be displayed.  The images are shown in a display panel with the Bing logo across the bottom.  The results appear in the same order as if the website developer had run the same query on Bing Image Search.

The Widget has two different modes.  In Collage mode, the display panel is populated with small, thumbnail-size images.  Using the Widget, the website developer can change the size of the Collage, the thickness of the borders, the space between the images, and the number of images to display.  The thumbnails displayed are the same copies that Microsoft makes and stores to create the Thumbnail Library.

In Slideshow mode, the display panel is populated with full-size images.  The website developer inputs a query into the Widget, and selects the number of images to be displayed.  The full-sized images are shown one at a time in the display panel, swapping out every few seconds.  The website developer can limit the number of images to be displayed to one, in which case, a single image will be shown continuously.  The images displayed in Slideshow mode are in-line linked images.  In-line linked images reside in an originating website's server.  Neither Microsoft nor the website developer has made a copy of and

5

stored the image on its own servers.

As noted, Microsoft released its beta version of the Widget to the marketplace on August 24. Getty filed a complaint on September 4, alleging copyright infringement. On September 5, Getty filed the instant motion seeking a preliminary injunction. Microsoft disabled the Bing Image Widget website the same day. On September 9, Microsoft wrote to Getty that it was willing "to commit to not re-launching" the Widget during the pendency of this lawsuit except as redesigned to display public domain or licensed images. It responded to Getty's motion on September 11.

In Getty's September 16 reply brief, Getty asserted that the Widget was still operable for those who had accessed the Widget to generate code prior to September 5. On September 16, Microsoft disabled the Widget so that it would not operate even for website developers who were still using code generated by the Widget prior to September 5.

Oral argument on the preliminary injunction motion was held on September 18. On September 24, Getty amended its complaint. On October 1, Microsoft wrote to Getty that it would not "re-launch" the Widget as it existed on September 4, that it had no current plans to re-launch "similar technology," and that any

6

future offering would be "more than colorably different from the Widget."  On October 3, Microsoft filed a supplemental brief on this motion, to which Getty responded on October 7.[1]  Microsoft has separately moved to dismiss Getty's amended complaint.  That motion will be fully submitted on October 24.

## DISCUSSION

A party seeking a preliminary injunction is generally required to show (1) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, (2) that the moving party is likely to suffer irreparable injury in the absence of a preliminary injunction, (3) a balance of the hardships tipping in favor of the moving party, and (4) that the public interest would not be disserved by the issuance of a preliminary injunction.  Salinger v. Colting, 607 F.3d 68, 79-80 (2d Cir. 2010).  A court may not presume irreparable injury in the copyright context; rather the plaintiff must demonstrate actual harm that cannot be remedied later by monetary damages should the plaintiff prevail on the merits.  Id. at 80.

---

[1] Microsoft sought permission, over Getty's objection, to file a supplemental reply brief on October 10.  That application is denied.

Harm may be irreparable where the loss is difficult to replace or measure, or where plaintiffs should not be expected to suffer the loss. Id. at 81. Under Salinger, courts may no longer simply presume irreparable harm in copyright cases; rather, plaintiffs must demonstrate that, on the facts of the case, the failure to issue an injunction would actually cause irreparable harm. Id. at 82 (citing eBay, Inc. v. MercExchange, L.L.C., 547 U.S. 388, 393 (2006)). Courts must pay "particular attention to whether the 'remedies available at law, such as monetary damages, are inadequate to compensate for [the] injury.'" Id. at 80 (quoting eBay, 547 U.S. at 391).

> While voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, . . . in order to obtain an injunction . . . the moving party must satisfy the court that relief is needed -- there must be some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive.

Bowater S. S. Co. v. Patterson, 303 F.2d 369, 371-72 (2d Cir. 1962) (citation omitted). Accordingly, the standard for establishing the need for injunctive relief is more stringent than the mootness standard.

Getty has not met its burden in establishing that a failure to issue an injunction would cause irreparable harm. The

website that hosted the Widget has been offline since September 5, and the supporting code was disabled on September 16 so that code generated using the Widget prior to September 5 would no longer function.  Given Microsoft's prompt disabling of the Widget, and Microsoft's written representations in opposition to this motion that it will not re-launch the Widget using content that is not licensed or in the public domain during the pendency of this lawsuit, Getty cannot demonstrate that it will suffer any irreparable harm if an injunction is not issued.  Furthermore, Microsoft has stated that it does not presently intend to launch any similar iteration of the Widget at any point in the future.

    Getty's argument in favor of a finding of irreparable harm is essentially that Microsoft could re-launch the Widget, either in its current form or a new form, in a manner that would continue to infringe Getty's content.  Specifically, Getty contends that Microsoft has left room in its representations to the Court and to Getty to re-launch the Widget using images that the Widget's <u>users</u> have a license for, or on an implied license theory.  This argument is purely speculative and is insufficient to establish a cognizable danger of a recurrent violation during

9

the pendency of this lawsuit.  See Bowater, 303 F. 2d at 371-372.

Finally, Getty relies on Register.com, Inc. v. Verio, Inc., 356 F.3d 393 (2d Cir. 2004), in which the defendant's agreement to cease using the plaintiff's name in solicitation calls was insufficient to prevent the issuance of a preliminary injunction against further violations of the plaintiff's trademark rights. Id. at 405.  In Register, the Court of Appeals found that the defendant's prior infringing conduct, in which it had previously used the plaintiff's mark in solicitation calls, an "adequate basis to support the district court's exercise of discretion in issuing the injunction."  Id.  Here, there is no basis to question the reliability of Microsoft's representations regarding its future conduct.

Because the plaintiff has failed to establish that it will suffer irreparable harm in the absence of an injunction, the remaining requirements for a preliminary injunction need not be addressed.  Similarly, Microsoft's argument that Getty has "unclean hands" need not be considered.

## CONCLUSION

Getty's September 5, 2014 motion for a preliminary injunction is denied.  Microsoft's October 10, 2014 motion for

leave to file a supplemental reply brief is denied.


Dated:     New York, New York
           October 16, 2014

                               _____
                                     DENISE COTE
                              United States District Judge

11