```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
GETTY IMAGES (US), INC.,                 :     14cv7114 (DLC)
                                         :
                Plaintiff,               :        OPINION
                                         :        AND ORDER
        -v-                              :
                                         :
MICROSOFT CORPORATION,                   :
                                         :
                Defendant.               :
                                         :
---------------------------------------- X
```

Appearances:

For Plaintiff:

Kenneth L. Doroshow
Amir H. Ali
Jenner & Block LLP
1099 New York Avenue, N.W., Suite 900
Washington, DC 20001-4412

Alison I. Stein
Jenner & Block LLP
919 Third Avenue, 37th Floor
New York, NY 10022

For Defendant:

David Hosp
Mark S. Puzella
Elizabeth E. Brenckman
Sheryl K. Garko
Fish & Richardson P.C.
One Marina Park Drive
Boston, MA 02110

DENISE COTE, District Judge:

   This action concerns a copyright dispute between plaintiff Getty Images Inc. ("Getty") and defendant Microsoft Corporation

("Microsoft").  On or about August 22, 2014, Microsoft launched a "beta" or test version of the Bing Image Widget ("Widget").  The Widget enables web developers to link to Microsoft Bing Image Search results and display those results on their webpages.  Getty brought suit on September 4 seeking injunctive relief, and statutory and actual damages.[1]  On October 3, Microsoft filed this motion to dismiss Getty's amended complaint ("Amended Complaint"), filed on September 24.  The motion to dismiss is denied for the reasons stated below.

### BACKGROUND

The following facts are asserted in the Amended Complaint and taken from documents integral to the Amended Complaint unless otherwise noted.  Getty has attached as exhibits to the Amended Complaint a list of images, copyright registration certificates, and screenshots of the Bing Image Widget website.

Getty is one of the world's largest providers of commercial visual content and the leading provider of commercial images online.  Getty generates revenue primarily by licensing the rights to use its content.

---

[1] Getty filed a motion seeking a preliminary injunction on September 5.  The motion for a preliminary injunction was denied on October 16.  Getty Images (US), Inc. v. Microsoft Corp., 14cv7114 (DLC), 2014 WL 5285697, at *1 (S.D.N.Y. Oct. 16, 2014).

Microsoft is a multinational company that develops, produces, licenses, and sells a wide variety of products and services. One of Microsoft's services is the Bing Internet Search Engine which permits users to search for content across the Internet. Like other search engines, Bing uses automated tools to "crawl" the Internet for content. Bing continuously analyzes webpages that it has "crawled" and selects content to be stored and indexed to respond to searches conducted by users of the Bing Search Engine. When the user enters a search term into the Bing search box, Bing's software searches its index for websites responsive to the query and provides the user with a list of results on a results page.

One of the search functions available through the Bing Internet Search Engine is Bing Image Search, which permits users to search specifically for images. In creating the index for the Bing Image Search, Microsoft makes a copy of the indexed image by storing a reduced-size file ("thumbnail") on Microsoft's servers in a Thumbnail Library.

On or about August 22, 2014, Microsoft launched a test version of the Widget. The Widget is a tool that can be used by website developers to display Bing Image Search results on their own websites in a display panel bearing the Bing logo. To use the Widget, a website developer goes to the Bing Image Widget

website.  The developer then makes selections to customize the results, such as the query to run, the number of images to be displayed, and how the results should be displayed.  The images are shown in a display panel with the Bing logo across the bottom on the third-party website.

A number of websites around the world, including commercial websites, implemented the Widget following its release in August.  Getty is the owner or exclusive licensee of copyrights for the images that are the subject of this action, including the sixty-two works identified in an exhibit to the Amended Complaint.  Through the Widget, Microsoft reproduced, distributed, and publicly displayed Getty's copyrighted images.

## DISCUSSION

When deciding a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., a court must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor."  LaFaro v. New York Cardiothoracic Group, PLLC, 570 F.3d 471, 475 (2d Cir. 2009).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

(citation omitted).  "Asking for plausible grounds does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal[ity]."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007).  "The Twombly plausibility standard, which applies to all civil actions does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible."  Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010) (citation omitted).

A complaint must do more, however, than offer "naked assertions devoid of further factual enhancement."  Iqbal, 556 U.S. at 678 (citation omitted).  A court is "not bound to accept as true a legal conclusion couched as a factual allegation."  Id.

"For purposes of a motion to dismiss, we have deemed a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference, as well as . . . documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit."  Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000)

(citation omitted).

Microsoft essentially argues that dismissal is warranted because Getty has not sufficiently plead the source of its rights in the sixty-two works, or how Microsoft infringed those rights.  Microsoft also contends that Getty's claims must be limited to the sixty-two works it identifies in its Amended Complaint.  These arguments will be considered in turn.

**A. Dismissal of the Complaint**

"To establish infringement of copyright, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.  The word 'copying' is shorthand for the infringing of any of the copyright owner's five exclusive rights described in § 106."  <u>Arista Records</u>, 604 F.3d at 117 (citation omitted).  Reproduction, distribution, and public display are exclusive rights listed in Section 106.  17 U.S.C. § 106.

Microsoft first argues that Getty has failed to sufficiently allege ownership of the sixty-two works identified in an exhibit attached to the Amended Complaint.  The Amended Complaint identifies Getty as either the owner or exclusive licensee of each work.  Microsoft argues that Getty must further describe the "scope of Getty's rights."  This claim fails.

"[E]xclusive licensees are treated as copyright owners for

the purpose of protection and remedy" under the Copyright Act. <u>Morris v. Business Concepts, Inc.</u>, 259 F.3d 65, 70 (2d Cir. 2001); <u>see also</u> <u>Random House, Inc. v. Rosetta Books LLC</u>, 283 F.3d 490, 491 (2d Cir. 2002).  To provide fair notice to Microsoft of the basis of its claim, Getty is not required to provide further detail about the nature of its exclusive licenses.

Microsoft next argues that Getty has failed to allege a single instance of infringement by a third-party Widget user of any one of the sixty-two works.  This argument also fails.  Getty has alleged that the images used in connection with the Widget included Getty's copyrighted images.  That Getty has not identified in the Amended Complaint the third-party websites that, through the Widget, displayed the images, or the dates on which they began to do so, does not render the claim defective.  Again, Getty has provided Microsoft with the fair notice of the nature of its claim required by Fed. R. Civ. P. 8.

In a related argument, Microsoft suggests that Getty's action must be confined to the sixty-two identified works and cannot encompass works not identified in the Amended Complaint.  Getty has alleged that the infringement committed using the Widget extended beyond the sixty-two images.  Given the dynamic nature of the Widget, it would be difficult, if not impossible,

for Getty to comprehensively list (as of the date it filed the Amended Complaint) all of its images that were used in the Widget.  This information, if it exists, is in the possession and control of Microsoft.  Moreover, any claim for an image will be virtually identical to the claims already brought.  Getty will not therefore be limited at this stage of the action to pursuing claims for infringement premised solely on the sixty-two works.

**B. Statutory Damages**

Finally, Microsoft contends that statutory damages are inappropriate as a matter of law for twelve of the sixty-two works because they were not registered for copyright protection until after the alleged infringement commenced.  Under 17 U.S.C. § 504, a copyright owner may elect to receive statutory damages rather than actual damages.  Statutory damages are not available, however, "for any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412; see Bus. Trends Analysts, Inc. v. Freedonia Grp., Inc., 887 F.2d 399, 403-04 (2d Cir. 1989).  Microsoft contends that any infringement "commenced" on August 21, when the Widget was made available for public use, that the twelve

copyrights were registered after that date, and that this is more than three months after initial publication of the works.

The parties agree on the principle of law that will be applied here. Getty agrees that it will not be able to recover statutory damages for copyrights registered after the infringement occurred if the registration date was more than three months after initial publication.[2]

## CONCLUSION

Microsoft's October 3 motion to dismiss Getty's Amended Complaint is denied.

Dated:   New York, New York
         November 24, 2014

```
                    _____
                         DENISE COTE
                    United States District Judge
```

---

[2] Assuming that the use of an image through the operation of the Widget constitutes reproduction, distribution, or public display, an act of infringement occurs each time an image is used in the Widget. Thus, the relevant date for the purposes of 17 U.S.C. § 412 will be the date on which an image is used, not the date when the Widget became available to the public.