# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

GETTY IMAGES (US), INC.,

    Plaintiff and Counterclaim-Defendant,

     v.

MICROSOFT CORPORATION,

    Defendant and Counterclaim-Plaintiff.

Civ. No. 14-cv-7114-DLC

JURY TRIAL DEMANDED

## MICROSOFT CORPORATION'S ANSWER AND COUNTERCLAIMS

Defendant Microsoft Corporation ("Microsoft") answers the First Amended Complaint ("Complaint") filed by Getty Images (US), Inc. ("Getty") as follows:

1.      Microsoft denies the allegations in Paragraph 1 of the Complaint.

2.      Microsoft admits that on or about August 21, 2014 it made available certain technology to the public named the Bing Image Widget in beta form.  The Bing Image Widget consisted of html code that website developers could tailor and paste into the existing code for their websites so that when the websites received visitors, the code instructed the websites to run Bing Image Search queries and link to the sources of the resulting images so that the images were displayed to the visitors.  Except as admitted, Microsoft denies the allegations in Paragraph 2 of the Complaint.

3.      Microsoft admits that the Bing Image Widget consisted of html code that website developers could tailor and paste into the existing code for their websites so that when the websites received visitors, the code instructed the websites to run Bing Image Search queries and link to the sources of the resulting images so that the images were displayed to the

visitors.  Except as admitted, Microsoft denies the allegations in Paragraph 3 of the Complaint.

4.      Microsoft denies the allegations in Paragraph 4 of the Complaint.

5.      Paragraph 5 contains conclusions of law to which no response is required.

6.      Paragraph 6 contains conclusions of law to which no response is required.

7.      Paragraph 7 contains conclusions of law to which no response is required.

8.      Paragraph 8 contains conclusions of law to which no response is required.

9.      Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and therefore denies such allegations.

10.     Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and therefore denies such allegations.

11.     Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and therefore denies such allegations.

12.     Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and therefore denies such allegations.

13.     Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, and therefore denies such allegations.

14.     Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and therefore denies such allegations.

15.     Microsoft admits the allegations in Paragraph 15 of the Complaint.

16.     Microsoft admits the allegations in Paragraph 16 of the Complaint.

17.     Microsoft admits that it makes available search engine technology named Bing that members of the public can use to search for content on the Internet, and that using Bing Image Search, users can search for certain images on third-party sites on the Internet.  Website

operators can choose not to have their websites, including images on those sites, included in Bing results.  Except as admitted, Microsoft denies the allegations in Paragraph 17 of the Complaint.

18.     Microsoft admits that it makes available search engine technology named Bing that members of the public can use to search for content available on the Internet, and that using Bing Image Search, users can search for images on third-party sites on the Internet.  Microsoft further admits that, in order for search engine technology to work with images, "thumbnail" copies of images available on the Internet from third-party sites are stored on the search engine's servers.  Except as admitted, Microsoft denies the allegations in Paragraph 18 of the Complaint.

19.     Microsoft admits that on or about August 21, 2014, it made available certain technology to the public named the Bing Image Widget in beta form.  The Bing Image Widget consisted of html code that website developers could tailor and paste into the existing code for their websites so that when the websites received visitors, the code instructed the websites to run Bing Image Search queries and link to the sources of the resulting images so that the images were displayed to the visitors.  Except as admitted, Microsoft denies the allegations in Paragraph 19 of the Complaint.

20.     Microsoft denies the allegations in paragraph 20 of the Complaint.

21.     Microsoft admits that website developers could tailor and paste the Widget html code into the existing code for their websites so that when the websites received visitors, the code instructed the websites to run Bing Image Search queries and link to the sources of the resulting images so that the images were displayed to the visitors, either in "Collage" or "Slideshow" format.  Except as admitted, Microsoft denies the allegations in Paragraph 21 of the Complaint.

22.     Microsoft admits that, using the Widget in "Slideshow" format, website developers could tailor and paste the Widget html code into the existing code for their websites so that when the websites received visitors, the code instructed the websites to run Bing Image Search queries and link to the sources of the resulting images so that the images were displayed to the visitors.  Except as admitted, Microsoft denies the allegations in Paragraph 22 of the Complaint.

23.     Microsoft admits that from August 21, 2014 through September 5, 2014, the Image Widget was accessible through the Bing website, and that the source code necessary for website developers to utilize the Image Widget's functionality could be copied from the Bing Webmaster Portal; after September 5, 2014, the Image Widget code could no longer be obtained from the Bing Webmaster Portal.  Microsoft admits that Image Widget code inserted into a developer's website before September 5, 2014, was rendered inoperative on September 16, 2014. Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint regarding The Oak Store website, and therefore denies such allegations.  Except as admitted, Microsoft denies the allegations in Paragraph 23 of the Complaint.

24.     Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, and therefore denies such allegations.

25.     Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint, and therefore denies such allegations.

26.     Microsoft denies the allegations in Paragraph 26.

27.     Microsoft admits that any images displayed to a website's visitor as a result of a web developer's use of the Image Widget were displayed because the web developer tailored and

pasted the Widget html code into the existing code for the web developer's website so that when the website received the visitor, the code instructed the website to run a Bing Image Search query and link to the sources of the resulting images.  Except as admitted, Microsoft denies the allegations in Paragraph 27 of the Complaint.

28.      Microsoft refers to its marketing for an account of the statements therein.  Except as admitted, Microsoft denies the allegations in Paragraph 28 of the Complaint.

29.      Microsoft refers to its terms of service for the accuracy of the statements therein. Except as admitted, Microsoft denies the allegation in paragraph 29 of the Complaint.

30.      Microsoft denies the allegations in Paragraph 30 of the Complaint.

31.      Microsoft denies the allegations in Paragraph 31 of the Complaint.

32.      Microsoft repeats and incorporates by reference each and every response set forth in paragraphs 1 through 31.

33.      Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint, and therefore denies such allegations.

34.      Microsoft denies the allegations in Paragraph 34 of the Complaint.

35.      Microsoft denies the allegations in Paragraph 35 of the Complaint.

36.      Microsoft denies the allegations in Paragraph 36 of the Complaint.

37.      Microsoft denies the allegations in Paragraph 37 of the Complaint.

38.      Microsoft denies the allegations in Paragraph 38 of the Complaint.

39.      Microsoft denies the allegations in Paragraph 39 of the Complaint.

## PRAYER FOR RELIEF

Microsoft denies that it is liable to Getty or that Getty is entitled to a preliminary injunction, permanent injunction, or judgment against Microsoft for any sum or sums, or any

other relief whatsoever.  Specifically, Microsoft denies all of the allegations set forth in

Paragraphs A through F of the Complaint including all subparts and denies that Getty is entitled

to any relief whatsoever.

## AFFIRMATIVE AND SPECIAL DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Getty has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Getty is not entitled to any relief because it has sustained no injury or damages.

### THIRD AFFIRMATIVE DEFENSE

Getty is not entitled to an injunction because there exists an adequate remedy at law.

### FOURTH ADDITIONAL DEFENSE

Getty is not entitled to any damages because any alleged damages are speculative.

### FIFTH AFFIRMATIVE DEFENSE

Getty's claims are barred in whole or in part by the doctrine of unclean hands due to the

conduct described in the Counterclaims below.

### SIXTH AFFIRMATIVE DEFENSE

Getty's claims are barred by the doctrine of fair use.

### SEVENTH AFFIRMATIVE DEFENSE

Getty's claims are barred by the Digital Millennium Copyright Act, 17 U.S.C. § 512.

### EIGHTH AFFIRMATIVE DEFENSE

Getty's claims for statutory damages and attorneys' fees are barred under 17 U.S.C.

§ 412.

## NINTH AFFIRMATIVE DEFENSE

Microsoft hereby gives notice that it intends to rely on such other and further defenses as may become available or apparent during discovery proceedings in this case and hereby reserves the right to amend its Answer and to assert any such defenses.

## DEMAND FOR JURY TRIAL

Microsoft demands a trial by jury of all claims so triable.

## COUNTERCLAIMS

1.      These counterclaims concern the infringement by Counterclaim-Defendant Getty Images (US), Inc. ("Getty") of the copyright and trademark rights owned by Counterclaim-Plaintiff Microsoft Corporation ("Microsoft").  Microsoft owns copyrights in numerous visual works, which Getty intentionally copies and distributes for money to the general public without authorization.  In addition, Microsoft owns numerous trademarks, which Getty uses in connection with the sale of images in a manner calculated to cause consumer confusion, mistake, or to deceive as to the affiliation, connection, or association between Getty's images and Microsoft.

## PARTIES

2.      Microsoft is a Washington corporation with its principal place of business located at One Microsoft Way, Redmond, Washington 98052.

3.      On information and belief, Getty is a New York corporation with its principal place of business located at 75 Varick Street, New York, New York 10013.

## JURISDICTION

4.     This is an action for copyright and trademark infringement arising under the Copyright Act, 17 U.S.C. § 101 *et seq*., and the Lanham Act, 15 U.S.C. § 1051 *et seq*.  The Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a).

6.     The Court has personal jurisdiction over Getty because Getty has a principal place of business in this District, regularly solicits and conducts business in this District, and has committed acts of infringement in this District.

## MICROSOFT'S COPYRIGHTED WORKS

7.     Microsoft is the owner of numerous copyrighted works.  These copyrighted works include its famous computer software products, such as its WINDOWS brand operating system and WORD, OUTLOOK, EXCEL, and POWERPOINT brand software products, but it also includes numerous creative visual works.  This counterclaim concerns the intentional infringement of Microsoft's copyrighted visual works by Getty.

8.     Microsoft's copyrighted visual works include, among other things, famous and creative logos, video game characters, and screen presentations.  These works have been widely used on products, in advertising, and/or on merchandising and, as a result, they are incredibly valuable assets of the company.[1]

9.     For example, Microsoft sells a leading video gaming platform named the Xbox, which has been sold in connection with a highly creative and distinctive logo design that is both federally registered as a trademark and as a copyrighted work title "Xbox Nexus":

---

[1] The copyrighted works described below are collectively referred to herein as the "Microsoft Copyrighted Works."



10.     Microsoft is the owner of U.S. Copyright Reg. No. VA 1-150-163 for the Xbox

Nexus image.  *See* Exhibit A.

11.     Microsoft also is the owner of the copyrighted fictional character shown below,

which is exclusively used by Microsoft and its licensees in connection with the best-selling

HALO brand video game franchise available on the Xbox video gaming platform and

elsewhere:[2]



---

[2] *See*, *e.g.*, http://www.xbox.com/en-US/games/halo#fbid=SepFL8tJPJI (top image) and
http://news.xbox.com/media/?Keywords=halo (bottom image), visited September 25, 2014.



This character, named "Master Chief," is the central figure in the HALO multi-volume video game series and his copyrighted likeness is widely used in products and on merchandise.

12.     Microsoft is the owner of U.S. Copyright Reg. Nos. TXu1-193-313, TX 7-065-135, TX 7-720-810, TX 5-593-817, TX 7-665-381, TX 5-945-031, TX 6-964-678, TX 6-812-541, and TX 7-260-876 for the Halo computer software, which includes all images rendered by the games, including Master Chief.  Microsoft also is the owner of U.S. Copyright Reg. No. VA 1-277-220 for the Master Chief character separately.  *See* Exhibit B.

13.     Microsoft also is the owner of the copyrighted "tiled" screen presentations shown below, which are exclusively used by Microsoft and its licensees in connection with the Microsoft Windows 8/8.1 computer software:[3]

---

[3] *See* http://www.microsoft.com/global/en-us/news/publishingimages/ImageGallery/Images/ Products/Windows/Windows8/product_win8-startscreen_Page.jpg, visited September 25, 2014 (top image) and http://www.microsoft.com/global/en-us/news /publishingi mages/ImageGallery /Images/Products/Windows/Windows8_1/updateBuild/screen_04-02startScreen_Page.jpg, visited September 25, 2014 (bottom image).  *See generally* http://www.microsoft.com/en-us/news/imagegallery/products/, visited September 25, 2014 (screenshots of various Windows 8/8.1 screens).





Microsoft also is the owner of the copyrighted "tiled" screen presentation shown below, which is exclusively used by Microsoft and its licensees in connection with the Microsoft Windows Phone computer software:[4]

---

[4] *See* http://www.microsoft.com/global/en-us/news/publishingimages/ImageGallery/Images/ Products/Windows/Phone/NokiaLumia1520_03_Page.jpg, visited September 25, 2014. *See generally* http://www.microsoft.com/en-us/news/imagegallery/products/, visited September 25, 2014 (screenshots of various Windows Phones).



14.     Microsoft is the owner of U.S. Copyright Reg. Nos. TX 7-599-995, TX 7-740-695, TX 7-740-672, TX 7-601-008, and TX 7-627-681 for the Windows and Windows Phone computer software, which includes all images rendered by software, including the tiled screen designs.  *See* Exhibit C.  Microsoft also has pending applications for copyright registrations for the tile screen designs separately.  *See* Exhibits D and E.

15.     Microsoft generally permits individuals to make certain fair uses of copyrighted logos, video game characters, and screen designs (such as the above), however it expressly prohibits any **commercial** use, such as the licensing or sale of the same.  *See*, *e.g.*, http://news.xbox.com/media, visited September 25, 2014 ("Content in this Xbox Press Media Assets Library is licensed by Microsoft solely for use by members of the press and media, for editorial and informational purposes only. No content may be used in advertisement, promotion, or commercial use of any kind without Microsoft's prior written consent.") and http://www.xbox.com/en-US/Community/Developer/Rules, visited September 25, 2014 ("Microsoft grants you a personal, non-exclusive, non-transferable license to use and display Game Content and to create derivative works based upon Game Content, strictly for your noncommercial and personal use.").

## MICROSOFT'S TRADEMARKS

16.     In addition to copyrighted works, Microsoft also is the owner of distinctive and federally registered trademarks for its products, such as its INTERNET EXPLORER marks:



*See* U.S. Regis. Nos. 2118982, 3954936, and 2417917 (*See* Exhibit F) (the "Internet Explorer Marks").

17.     Microsoft has exclusively used the Internet Explorer Marks in commerce since at least as early as 1996.

18.     Microsoft prominently advertises and markets its Internet Explorer Marks on its websites and products.  For example, Microsoft uses its Internet Explorer Marks in connection with the INTERNET EXPLORER branded Internet browser, which is one of the most widely used Internet browsers in the world.

19.     The products on which the Internet Explorer Marks appear have been the subject of widespread third-party commentary in various media worldwide for more than a decade.  For example, a Bing news search for "Internet Explorer" returns more than 4,000,000 results.

20.     As a result of Microsoft's marketing efforts, product sales, and third-party recognition, consumers exclusively associate the Internet Explorer Marks with Microsoft as the source of Internet browser software.

21.     As a result of these efforts, the Internet Explorer Marks have become famous and represent an enormous amount of goodwill, which is a valuable asset of the company.

## GETTY AND ITS NUMEROUS INFRINGEMENTS

22.     Getty is one of the world's leading distributors of images.  It licenses imagery to customers for a wide variety of uses, including use on or in websites, books, newspapers, and advertisements.  It generates revenue from its commercial licensing of its own works and the works of others.

23.     Getty's licensing of copyrighted works is a purely commercial endeavor.  Getty sells images for money; it does not engage in any news reporting or commentary itself.  As a result, Getty does not *itself* engage in a fair use when it licenses its works to its customers.  Its customers may (or may not) make a fair use of a Getty licensed image, but Getty's own use is nothing but an ordinary commercial use.  Getty's reproduction, distribution, and public display is in furtherance of its later licensing of those images to others—it is not in furtherance of its *own* news reporting.

24.     Even if some of Getty's uses were a fair use (they are not), Getty does not merely license works for its customers' news reporting purposes.  In many cases Getty takes images at press events, stores those images, and licenses them to others **at a later date, for uses unrelated to the press event**.  In this way, the images are no longer licensed to further a news reporting purpose, but instead they are licensed as images, in many instances deriving the value from the stolen copyrighted content within.

25.     As shown below, Getty has infringed numerous of Microsoft's copyrighted works by making unauthorized copies, distributions, and public displays of the works and/or making unauthorized derivative works.  Specifically, Getty (i) creates and maintains unauthorized digital copies of the Microsoft Copyrighted Works on its computers, (ii) distributes the Microsoft Copyrighted Works to the public for profit, (iii) displays those unauthorized copies to the public

14

through its various websites, and/or (iv) makes derivative works by making new works that incorporate the Microsoft Copyrighted Works without Microsoft's authorization.

26.     For example, Getty offers for sale the following image, which infringes Microsoft's copyright in the Xbox Nexus image:[5]



There are numerous other examples of Getty's unauthorized use of works that are exclusively or substantially comprised of Microsoft's copyrighted Xbox Nexus work.  *See* Exhibit G.[6]  Each of these is infringing.

---

[5] *See* http://www.gettyimages.com/detail/news-photo/allard-a-vice-president-of-microsoft-xbox-unveils-the-news-photo/94828576, visited September 26, 2014.
[6] Microsoft has not had an opportunity to review Getty's library of tens of millions of works available for licensing or sale.  Microsoft expressly reserves its rights to amend its claims to include additional infringed works at a later time.

27.      The image above is available for sale by Getty for substantial profit.  For example, after selecting various potential uses, Getty quotes a price of $1,745 for the right to use its infringing image:[7]



This "licensing fee" is essentially pure profit for Getty because it paid nothing for the Microsoft Copyrighted Work it infringes.  Microsoft receives none of the licensing fees for this or any other of the infringed works described herein.

---

[7] *See* http://www.gettyimages.com/pricecalculator/94828576, visited September 26, 2014.

28.     Getty also makes unauthorized uses of the Microsoft's copyrighted Master Chief character.  For example:[8]



This image is likewise available for sale by Getty for substantial profit.  Although not necessary to show infringement by Getty, it is apparent that Getty has successfully sold this image to a third party, Rolling Stone magazine.  In the use shown below, Rolling Stone acquired the image to accompany an article that did not concern the press event where the image was taken.  Getty made a profit on selling an unauthorized image of Master Chief where the value of the image is its content, not its context:[9]

---

[8] *See* http://www.gettyimages.com/detail/news-photo/halo-video-game-during-microsoft-xbox-news-conference-at-news-photo/170298056, visited September 25, 2014.

[9] *See*, *e.g.*, http://www.rollingstone.com/tv/news/steven-spielberg-to-produce-halo-tv-series-20140516, visited September 25, 2014 (using image in story and crediting "Photo: Kevork DJansezian/Getty Images" as shown in red circle above).



There are numerous other examples of Getty's unauthorized use of works that are exclusively or substantially comprised of Microsoft's copyrighted Master Chief work.  *See* Exhibit H.  Each of these is infringing.

29.     Getty also makes unauthorized uses of the Microsoft copyrighted tiled Windows 8 screen design.  For example:[10]

---

[10] *See* http://www.gettyimages.com/detail/news-photo/the-new-microsoft-surface-pro-3-tablet-after-it-was-news-photo/492438385, visited September 25, 2014.



This image is likewise available for sale by Getty for substantial profit.  There are numerous other examples of Getty's unauthorized use of works that are exclusively or substantially comprised of Microsoft's copyrighted tiled Windows 8.1 screen design.  *See* Exhibit I.  Each of these is infringing.

   30.  Getty also makes unauthorized uses of the Microsoft copyrighted tiled Windows Phone screen design.  For example:[11]



---

[11] *See* http://www.gettyimages.com/detail/news-photo/the-nokia-lumia-1020-a-windows-phone-with-a-41-megapixel-news-photo/173293610, visited September 25, 2014.

19

This image is likewise available for sale by Getty for substantial profit.  There are numerous other examples of Getty's unauthorized use of works that are exclusively or substantially comprised of Microsoft's copyrighted Windows Phone tiled screen design.  *See* Exhibit J.  Each of these is infringing.

31.     Getty's website www.istockphoto.com also sells works that are exclusively or substantially comprised of Microsoft's copyrighted tiled Windows 8/8.1 screen designs.  For example:[12]



There are numerous other examples of iStockphoto.com's unauthorized use of works that are exclusively or substantially comprised of Microsoft's copyrighted Windows 8/8.1 and/or Windows Phone tiled screen design.  *See* Exhibit K.  Each of these is infringing.

32.     A recent non-news reporting use licensed by Getty involved its unauthorized licensing of the copyrighted Windows tiled screen to a political campaign where the campaign altered the image to attack another candidate (*see* Exhibit L):

---

[12] *See* http://www.istockphoto.com/photo/windows-8-start-screen-22239047?st=ecb975e, visited December 1, 2014.



33.     Microsoft has never granted Getty the right to make any uses of any of the foregoing Microsoft Copyrighted Works, and Microsoft never granted Getty the right to allow its customers to make use of the Microsoft Copyrighted Works.  As such, its reproduction, distribution, public display, and/or creation of derivative works of the Microsoft Copyrighted Works is unauthorized.

34.      Getty's business relates almost entirely to the commercial licensing of images and its enforcement of its alleged rights against others, such as in this action.  As a result, upon information and belief, Getty is acutely aware of copyright issues and any infringements by it are thus willful, or, at the very least, in reckless disregard of Microsoft's rights.

35.     In addition to its repeated and intentional infringement of Microsoft's copyrights, Getty also has infringed Microsoft's trademark rights in its Internet Explorer Marks.

36.     Getty has infringed Microsoft's rights by promoting and licensing digital media for commercial use through its websites that include several "E" logo designs that are identical to, virtually indistinguishable from, and/or confusingly similar to Microsoft's distinctive Internet Explorer Marks.

37.     For example, Getty has offered to license the following media:



*See* http://www.gettyimages.com/detail/illustration/illustration-of-e-symbol-royalty-free-illustration/142079742, visited September 23, 2014.[13]

---

[13] Getty also has offered to license numerous other confusingly similar versions of the Microsoft Internet Explorer Marks, at least one of which expressly includes in its description a reference to "Internet Explorer." *See*, *e.g.*,  http://www.gettyimages.com/detail/illustration/illustration-of-e-symbol-royalty-free-illustration/142079708, visited September 23, 2014;
http://www.gettyimages.com/detail/illustration/illustration-of-sign-and-symbol-royalty-free-illustration/142029857, visited September 23, 2014;
http://www.gettyimages.com/detail/illustration/illustration-of-internet-symbol-with-a-royalty-free-illustration/142078463, visited September 23, 2014; and
http://www.gettyimages.com/detail/illustration/illustration-of-file-and-internet-explorer-royalty-free-illustration/142077400, visited September 23, 2014.

38.     Upon information and belief, third parties have licensed the unauthorized Getty images as a substitutes for the Internet Explorer Marks.[14]

39.     Getty's unauthorized use in commerce of the Internet Explorer Marks, or confusingly similar versions of the Internet Explorer Marks, is as a trademark, as shown by the image descriptions, at least one of which expressly references "Internet Explorer."[15]  In addition, upon information and belief, the unauthorized images derive their licensing value by virtue of their exclusive association with Microsoft.

40.     Getty's use of the Internet Explorer Marks was to unfairly free ride on the value of the marks for its own gain.  Microsoft never authorized Getty to make any commercial use of images of it the Internet Explorer Marks.

41.     Getty's unauthorized use in commerce of the Internet Explorer Marks is likely to lead to confusion as to the source or origin of the images, in that purchasers, users, and viewers of the images are likely to believe that they originate from, are sponsored by, are approved by, or in some way affiliated with Microsoft.  This is particularly true where, as here, the unauthorized images are used by third parties who indicate that the source or "credit" for the image is Getty Images, but the images are otherwise used to illustrate articles about Microsoft.

42.     Getty's conduct is also likely to dilute Microsoft's trademarks by blurring and/or by tarnishment of, the distinctive quality of the Internet Explorer Marks and products associated

---

[14] *See* http://browsers.about.com/od/faq/tp/Setting-The-Default-Browser.htm, visited December 2, 2014  (crediting "Getty Images"); http://abcnews.go.com/Technology/internet-explorer-glitch-leaves-computers-vulnerable-hackers/story?id=23503657, visited December 1, 2014 (crediting "Getty Images").

[15] *See*, *e.g.*, http://www.gettyimages.com/detail/illustration/illustration-of-file-and-internet-explorer-royalty-free-illustration/142077400, visited September 23, 2014.

23

with the same, regardless of the presence or absence of actual or likely confusion, competition, or actual economic injury to Microsoft.

43.     Upon information and belief, Getty engaged in its unauthorized use with the full knowledge of the value and fame of the Internet Explorer Marks and long after the marks became famous.  At a minimum, Getty was on constructive notice of Microsoft's rights by virtue of its federal trademark registrations.

44.     Upon information and belief, Getty's conduct also is willful, and thus exceptional, insofar as it previously consented to an offer of judgment of $100,000.00 concerning identical allegations of infringing registered trademarks by purporting to commercially license virtually identical or confusingly similar images without authorization to third-parties.  *See, e.g., Car-Freshener Corp. et al. v. Getty Images, Inc. et al.*, Civ. A. No. 09-CV-1252, Civil Judgment, Dkt. No. 71 (N.D.N.Y. June 28, 2012); http://www.law360.com/articles/355388/end-of-the-road-for-getty-in-car-freshener-trademark-row, visited December 2, 2014.

45.     In light of the foregoing, Getty's unauthorized use of the Internet Explorer Marks is likely to cause confusion and/or a likelihood of dilution of the distinctive quality of the Internet Explorer Marks, and cause irreparable harm to Microsoft.  As a result, Getty's use of the Internet Explorer Marks, and any other confusingly similar marks, should be enjoined.

## **COUNTERCLAIM COUNT I**

### **(Copyright Infringement – 17 U.S.C. § 501, *et seq*.)**

46.     Microsoft repeats and incorporates by reference each and every allegation set forth in paragraphs 1 through 45, as if fully set forth herein.

47.     Microsoft is the owner of copyrights in the images that are the subject of this counterclaim, including but not limited to the works identified in Exhibits A-E.  It possesses

copyright registrations for the works identified in Exhibits A-C, which are prima facie evidence of ownership of valid copyrights. *See* 17 U.S.C. § 410(c).

48.     Getty, without the permission or consent of Microsoft, has reproduced, distributed to the public, publicly displayed, and made derivative works of the Microsoft Copyrighted Works. Such acts constitute infringement of Microsoft's exclusive rights under copyright in violation of 17 U.S.C. § 106(1), (2), (3) and (5).

49.     Getty is directly liable for these acts of infringement under the Copyright Act.

50.     The infringement of Microsoft's rights in each of its copyrighted works constitutes a separate and distinct act of infringement.

51.     Getty's acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to the rights of Microsoft.

52.     Getty's conduct is causing, and, unless enjoined by this Court, will continue to cause Microsoft great and irreparable injury that cannot fully be compensated or measured in money. Microsoft has no adequate remedy at law.

## COUNTERCLAIM COUNT II

### (Trademark Infringement—15 U.S.C. § 1114)

53.     Microsoft repeats and realleges the allegations contained in paragraphs 1 through 52 above as if fully set forth herein.

54.     As described above, Microsoft is the owner of the distinctive and federally registered Internet Explorer Marks.

55.     Microsoft's ownership and use in commerce of the Internet Explorer Marks predates the use by Getty of the same.

56.     Upon information and belief, Getty's conduct is willful and intentional and intended to free-ride off of the goodwill associated with the Internet Explorer Marks. Getty is and was at all relevant times at least constructively aware of Microsoft's prior use, ownership, and registration, and Getty's conduct is therefore also willful and intentional.

57.     Getty has used virtually identical and/confusingly similar marks in interstate commerce in connection with the sale, offering for sale, distribution, and/or advertising of its goods or services.

58.     Getty's use in commerce of the Internet Explorer Marks, as described above, constitutes trademark infringement in violation of 15 U.S.C. § 1114 in that it is without Microsoft's consent and is likely to cause confusion, mistake, and/or deception among consumers. Such conduct has and will irreparably harm Microsoft and the goodwill it has developed in the Internet Explorer Marks.

59.     As a direct and proximate result of Getty's actions Microsoft has been and will continue to be damaged.

60.     Upon information and belief, Getty has realized, and continues to realize, substantial revenues, profits, and other benefits rightfully belonging to Microsoft as a result of its wrongful conduct.

61.     Getty's conduct is causing and will continue to cause Microsoft to suffer irreparable harm and, unless Getty is restrained, Microsoft will continue to be so damaged, because they have no adequate remedy at law.

## COUNTERCLAIM COUNT III

### (False Designation of Origin—15 U.S.C. § 1125(a))

62.     Microsoft repeats and realleges the allegations contained in paragraphs 1 through 61 above as if fully set forth herein.

63.     As described above, Microsoft is the owner of the distinctive and federally registered Internet Explorer Marks.

64.     Microsoft's ownership and use in commerce of the Internet Explorer Marks predates the use by Getty of the same.

65.     Upon information and belief, Getty's conduct is willful and intentional and intended to free-ride off of the goodwill associated with the Internet Explorer Marks. Getty is and was at all relevant times at least constructively aware of Microsoft's prior use, ownership, and registration, and Getty's conduct is therefore also willful and intentional.

66.     Getty has used virtually identical and/confusingly similar marks in interstate commerce in connection with the sale, offering for sale, distribution, and/or advertising of its goods or services.

67.     Getty's use in commerce of the Internet Explorer Marks, as described above, constitutes false designation of origin in violation of 15 U.S.C. § 1125(a)(1)(A) in that it is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Getty with Microsoft and/or as to the origin, sponsorship, or approval by Microsoft of Getty's goods, services, or commercial activity.  Such conduct has and will irreparably harm Microsoft and the goodwill they have developed in Internet Explorer Marks.

68.     As a direct and proximate result of Getty's actions Microsoft has been and will continue to be damaged.

69.    Upon information and belief, Getty has realized, and continues to realize, substantial revenues, profits, and other benefits rightfully belonging to Microsoft as a result of its wrongful conduct.

70.    Getty's conduct is causing and will continue to cause Microsoft to suffer irreparable harm and, unless Getty is restrained, Microsoft will continue to be so damaged, because they have no adequate remedy at law.

## COUNTERCLAIM COUNT IV

### (Dilution—15 U.S.C. § 1125(c))

71.    Microsoft repeats and realleges the allegations contained in paragraphs 1 through 70 above as if fully set forth herein.

72.    As described above, Microsoft is the owner of the distinctive and federally registered Internet Explorer Marks.

73.    Microsoft's ownership and use in commerce of the Internet Explorer Marks predates the use by Getty of the same.

74.    Through consistent and continued use, product promotion, and consumer and industry recognition, Microsoft has developed the Internet Explorer Marks to the point that they are famous.  Getty did not begin using the Internet Explorer Marks in commerce until after the Marks became famous.

75.    Upon information and belief, Getty's conduct is willful and intentional and intended to free-ride off of the goodwill associated with the Internet Explorer Marks.  Getty is and was at all relevant times both actually and constructively aware of Microsoft's prior use, ownership, and registration, and Getty's conduct is therefore also willful and intentional.

76.     Getty's use described above is likely to cause dilution of the distinctive qualities of the Microsoft Internet Explorer Marks in violation of 15 U.S.C. § 1125(c).

77.     As a direct and proximate result of Getty's actions Microsoft has been and will continue to be damaged.

78.     Upon information and belief, Getty has realized, and continues to realize, substantial revenues, profits, and other benefits rightfully belonging to Microsoft as a result of its wrongful conduct.

79.     Getty's conduct is causing and will continue to cause Microsoft to suffer irreparable harm and, unless Getty is restrained, Microsoft will continue to be so damaged, because they have no adequate remedy at law.

WHEREFORE, Microsoft prays for judgment against Getty as follows:

A.  for a declaration that Getty willfully infringes Microsoft's copyrights;

B.  for such equitable relief under Titles 17 and 28 as is necessary to prevent or restrain infringement of Microsoft's copyrights, including a permanent injunction requiring that Getty and its officers, agents, servants, employees, attorneys, and others in active concert or participation with each or any of them, cease infringing, or causing, enabling, facilitating, encouraging, promoting or participating in the infringement of, any of Microsoft's copyrights or exclusive rights protected by the Copyright Act or common law, whether now in existence or hereafter created;

C.  for statutory damages pursuant to 17 U.S.C. § 504(c), in the maximum amount provided by law, as may be proven at trial, arising from Getty's violations of Microsoft's rights under the Copyright Act or, in the alternative, at Microsoft's

election pursuant to 17 U.S.C. § 504(b), Microsoft's actual damages, including Getty's profits from infringement, in amounts to be proven at trial;

D.   for Microsoft's costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505 and otherwise;

E.   for pre- and post -judgment interest on any monetary award made part of the judgment against Getty;

F.   that this Court permanently enjoin Getty, its employees, agents, servants, and all in privity with any of them, from using the Internet Explorer Marks, or any derivative(s) thereof or any design(s) similar thereto, in commerce;

G.   that this Court require an accounting of profits by Getty;

H.   that this Court award Microsoft Getty's profits and/or compensatory damages pursuant to 15 U.S.C. § 1117 in an amount to be determined at trial;

I.   that this Court award Microsoft treble damages and its costs and attorneys' fees; and

J.   for such other relief as the Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Microsoft demands a trial by jury of all claims so triable.

Respectfully submitted,

Dated: December 8, 2014

_____*/s/ R. David Hosp*_____
FISH & RICHARDSON P.C.
R. David Hosp (DH 3344)
Elizabeth E. Brenckman (*pro hac vice*)
601 Lexington Avenue, Floor 52
New York, NY 10022
Telephone: (212) 765-5070
Facsimile:  (212) 258-2291
Email: hosp@fr.com
          brenckman@fr.com

Mark S. Puzella (*pro hac vice*)
Sheryl K. Garko (*pro hac vice*)
One Marina Park Drive
Boston, MA 02210
Telephone: (617) 542-5070
Facsimile:  (617) 542-8906
Email: puzella@fr.com
          garko@fr.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 8, 2014, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.


_____*/s/ R. David Hosp*_____
R. David Hosp